**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

0  Valuation of Security     0  Assumption of Executory Contract or Unexpired Lease     0  Lien Avoidance

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:                                          Case No.:        17-11240

David Ventura                                   Judge:           MBK
Suzanne Ventura

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original     ☒ Modified/Notice Required          Date: 5/24/2019

☐ Motions Included     ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ___JJC___     Initial Debtor: ___DV___     Initial Co-Debtor: ___SV___

### Part 1: Payment and Length of Plan

a. The debtor shall pay $ _____565_____ per _____ to the Chapter 13 Trustee, starting on _____ for approximately _____32_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☐ Future earnings

☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☒ NONE**

    a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 1300 (post petition fees |
| DOMESTIC SUPPORT OBLIGATION | | |
| Internal Revenue Service | Taxes | $7228.88 |
| State of New Jersey | Taxes | $1076.44 |

    b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

### a. Curing Default and Maintaining Payments on Principal Residence: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

Ditech Financial current and outside the plan.

**g. Secured Claims to be Paid in Full Through the Plan**: ☐ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

### Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☒ Not less than $ __10000_____ to be distributed *pro rata*

☐ Not less than _____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases  ☒ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions  ☒ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a.  Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒    Upon confirmation

☐    Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Administrative Expenses
3) Secured Claims
4) Priority Claims & 5) General Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9: Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 1/20/2017.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| State of New Jersey filed a late filed claim and it needs to be treated in the plan | adding treatment of late filed claim of state of New Jersey |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

### Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 5/24/2019                                      /s/David Ventura
                                                     Debtor

Date: 5/24/2019                                      /s/Suzanne Ventura
                                                     Joint Debtor

Date: 5/24/2019                                      /s/James J Cerbone
                                                     Attorney for Debtor(s)

United States Bankruptcy Court
District of New Jersey

In re:                                                                    Case No. 17-11240-MBK
David Ventura                                                             Chapter 13
Suzanne Ventura
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0312-3           User: admin              Page 1 of 2              Date Rcvd: May 28, 2019
                               Form ID: pdf901          Total Noticed: 34

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 30, 2019.
db/jdb         David Ventura,    Suzanne Ventura,    2319 Forest Circle,    Toms River, NJ   08755-0980
516603003      Alltran Financial LLP,    PO Box 4044,   Concord, CA 94524-4044
516603004     +Barclay Card,    PO Box 1337,   Philadelphia, PA 19105
516603007    ++CITIBANK,   PO BOX 790034,    ST LOUIS MO 63179-0034
              (address filed with court: Citi Cards,    PO Box 183113,    Columbus, OH 43218-3113)
516828235      Capital One, N.A.,    c/o Becket and Lee LLP,    PO Box 3001,   Malvern PA 19355-0701
516603008     +Client Services,    3451 Harry S Truman Blvd,    Saint Charles, MO 63301-9816
516603009     +Credit Control LLC,    PO Box 31179,   Tampa, FL 33631-3179
516828716      Department Store National Bank,    c/o Quantum3 Group LLC,    PO Box 657,
                Kirkland, WA 98083-0657
516603013     +Firstsource Advantage,    205 Bryant Woods South,    Buffalo, NY 14228-3609
516603017     +Macys,   PO Box 9001094,    Louisville, KY 40290-1094
517115140    ++STATE OF NEW JERSEY,    DIVISION OF TAXATION BANKRUPTCY UNIT,    PO BOX 245,
                TRENTON NJ 08646-0245
              (address filed with court: State of New Jersey,    Department of Treasury,
                Division of Taxation,    PO BOX 245,   Trenton NJ 08695-0245)
516804334     +TD Bank, N.A.,    PO Box 16029,   Lewiston, ME 04243-9507
516807723     +TD Bank, NA,    30 Montgomery St., Ste. 1205,    Jersey City, NJ 07302-3835
516603020    ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,   CEDAR RAPIDS IA 52408-8026
              (address filed with court: Toyota Motor Credit,    4 Gatehall Drive Ste 350,
                Parsippany, NJ 07054)
517771338      Toyota Lease Trust,    c/o Becket and Lee LLP,    PO Box 3001,   Malvern  PA 19355-0701
516648447     +Toyota Lease Trust,    c/o Toyota Motor Credit Corporation,    PO Box 9013,
                Addison, Texas 75001-9013

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: usanj.njbankr@usdoj.gov May 29 2019 00:31:45     U.S. Attorney,   970 Broad St.,
                Room 502,   Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov May 29 2019 00:31:41     United States Trustee,
                Office of the United States Trustee,    1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
                Newark, NJ 07102-5235
516762722      E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM May 29 2019 00:37:50
                American InfoSource LP as agent for,    Verizon,   PO Box 248838,
                Oklahoma City, OK  73124-8838
516603005     +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com May 29 2019 00:38:05     Capital One Bank,
                PO Box 71083,   Charlotte, NC 28272-1083
516808709     +E-mail/Text: bankruptcy@cavps.com May 29 2019 00:32:02     Cavalry SPV I, LLC,
                500 Summit Lake Drive, Ste 400,    Valhalla, NY 10595-2321
516603010     +E-mail/Text: mrdiscen@discover.com May 29 2019 00:30:54     Discover,   PO Box 71084,
                Charlotte, NC 28272-1084
516612457      E-mail/Text: mrdiscen@discover.com May 29 2019 00:30:54     Discover Bank,
                Discover Products Inc,    PO Box 3025,   New Albany, OH 43054-3025
516603011      E-mail/Text: bankruptcy.bnc@ditech.com May 29 2019 00:31:19     Ditech Financial,   PO Box 6172,
                Rapid City, SD 57709-6172
516853825      E-mail/Text: bankruptcy.bnc@ditech.com May 29 2019 00:31:19
                Ditech Financial LLC fka Green Tree Servicing LLC,    P.O. Box 6154,
                Rapid City, South Dakota 57709-6154
516603012      E-mail/Text: bknotice@ercbpo.com May 29 2019 00:31:50     ERC,   PO Box 23870,
                Jacksonville, FL 32241-3870
516603014     +E-mail/Text: fggbanko@fgny.com May 29 2019 00:30:57     Forster. Garbus & Garbus,
                7 Banta Place,   Hackensack, NJ 07601-5604
516603015      E-mail/Text: cio.bncmail@irs.gov May 29 2019 00:31:12     Internal Revenue Service,
                PO Box 7346,   Philadelphia, PA 19101-7346
516603016      E-mail/Text: bncnotices@becket-lee.com May 29 2019 00:31:02     Kohls,   PO Box 2893,
                Milwaukee, WI 53201-2983
516736905      E-mail/PDF: resurgentbknotifications@resurgent.com May 29 2019 00:37:28     LVNV Funding LLC,
                c/o Resurgent Capital Services,    PO Box 10587,   Greenville, SC  29603-0587
516858253      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 29 2019 00:38:08
                Portfolio Recovery Associates, LLC,    c/o Barclaycard,   POB 41067,   Norfolk VA 23541
516858799      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 29 2019 00:37:24
                Portfolio Recovery Associates, LLC,    c/o Capital One Bank, N.A.,   POB 41067,
                Norfolk VA 23541
516603018      E-mail/PDF: gecsedi@recoverycorp.com May 29 2019 00:38:02     SYNCB,   PO Box 965060,
                Orlando, FL 32896-5060
516603019      E-mail/Text: bankruptcy@td.com May 29 2019 00:31:47     TD Bank,   PO box 84037,
                Columbus, GA 31908-4037
                                                                                             TOTAL: 18

```
District/off: 0312-3          User: admin              Page 2 of 2                Date Rcvd: May 28, 2019
                              Form ID: pdf901          Total Noticed: 34


             ***** BYPASSED RECIPIENTS (continued) *****

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
516603006*     +Capital One Bank,    PO Box 71083,    Charlotte, NC 28272-1083
516603021*    ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
              (address filed with court: Toyota Motor Credit,    4 Gatehall Drive Ste 350,
                Parsippany, NJ 07054)
518173883*      Toyota Lease Trust,    c/o Becket and Lee LLP,    PO Box 3001,    Malvern  PA 19355-0701
516648520*     +Toyota Lease Trust,    c/o Toyota Motor Credit Corporation,    PO Box 9013,
                Addison, Texas 75001-9013
                                                                                TOTALS: 0, * 4, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 30, 2019                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 24, 2019 at the address(es) listed below:
          Albert   Russo    on behalf of Trustee Albert   Russo docs@russotrustee.com
          Albert   Russo   docs@russotrustee.com
          Denise E. Carlon    on behalf of Creditor    Toyota Motor Credit Corporation
           dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com
          Denise E. Carlon    on behalf of Creditor    Toyota Lease Trust dcarlon@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          James J. Cerbone    on behalf of Joint Debtor Suzanne   Ventura cerbonelawfirm@aol.com,
           cerbonejr83307@notify.bestcase.com
          James J. Cerbone    on behalf of Debtor David   Ventura cerbonelawfirm@aol.com,
           cerbonejr83307@notify.bestcase.com
          Rebecca Ann Solarz    on behalf of Creditor    Toyota Lease Trust rsolarz@kmllawgroup.com
          Rebecca Ann Solarz    on behalf of Creditor    Toyota Motor Credit Corporation
           rsolarz@kmllawgroup.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                            TOTAL: 9
```